UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-60209-DAMIAN/VALLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IRENE DANA MATTHEWS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** came before the undersigned for a change of plea hearing as to Defendant Irene Dana Matthews.  *See* (ECF No. 17) ("Order of Referral").  Having held the change of plea hearing on December 15, 2025, the undersigned makes the following findings and recommends that the guilty plea be accepted.[1]  *See* (ECF No. 19).

    1.    At the change of plea hearing, the undersigned advised Defendant that the undersigned was conducting the change of plea pursuant to an Order of Referral from the District Judge.  The undersigned further advised Defendant that the District Judge would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.  The Court advised Defendant that she did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea be conducted by the District Judge.  Defendant, her attorney, and the Assistant United States Attorney all consented to the undersigned conducting the change of plea hearing.

---

[1] This Report and Recommendation summarizes the Court's oral findings at the change of plea hearing.  The audio recording of the proceeding is incorporated by reference.

2.	The undersigned conducted a detailed plea colloquy in accordance with Federal Rule of Criminal Procedure 11.

3.	After being advised of her rights and the possible consequences of her plea of guilty, Defendant pled guilty to the Indictment, which charges her with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. *See* (ECF No. 1). The undersigned advised Defendant that the Court may impose a term of imprisonment of up to 20 years, followed by a maximum term of supervised release of three years. In addition to any term of imprisonment, the Court may impose a fine of up to $250,000 or twice the gross gain or loss from the offense, whichever is greater. Further, the Court will assess a mandatory special assessment of $100, pursuant to 18 U.S.C. § 3013, which is to be paid at the time of sentencing. Defendant was also advised of her obligations regarding forfeiture. Defendant agreed to make a settlement payment of $1,500,000 or to forfeit substitute property (certain real properties and vehicles) to satisfy the settlement amount. Defendant acknowledged that she understood the nature of the charge and the potential penalties and collateral consequences of her conviction in this case.

4.	Additionally, Defendant was informed of the Sentencing Guidelines and the fact that the District Judge may sentence Defendant to a more severe sentence than recommended by the Government or estimated under the Sentencing Guidelines, up to the maximum statutory sentence, and that Defendant could not withdraw her plea based solely on the sentence imposed by the District Judge.

5.	To establish the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. *See* (ECF No. 21) ("Factual Proffer"). The Factual Proffer was introduced as Government's Exhibit 2 and signed by Defendant and her counsel. *Id.* The Government established all the essential elements of the crime to which Defendant is pleading

guilty.  Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged.

6.      The parties entered into a written plea agreement that was filed with the Court and introduced as Government's Exhibit 1.  *See* (ECF No. 20) ("Plea Agreement").  The undersigned reviewed the terms of that Plea Agreement on the record, and Defendant acknowledged that she had reviewed the entire agreement with counsel before she voluntarily signed it.  In the Plea Agreement, the parties agree, among other things, that: (i) Defendant's base offense level is 7; (ii) the actual or intended loss resulting from Defendant's conduct is more than $1,500,000 and less than $3,500,000; (iii) Defendant had an aggravating role in the offense as an organizer and leader; (iv) Defendant's offense level should be reduced by three levels based on her recognition and affirmative and timely acceptance of personal responsibility; and (v) the Government will not seek additional enhancements.  *Id*. at 3-4.  Defendant also agreed to make a settlement payment of $1,500,000 and/or to forfeit substitute property, including three real properties and two vehicles, within 90 days of the Court's approval of the Plea Agreement.  *Id*. at 4-5.

7.      The undersigned questioned Defendant regarding the effectiveness of her counsel's representation.  Defendant stated that she was satisfied with her attorney and that she has had the opportunity to discuss all facets of her case, including the evidence against her, with her attorney.  Defendant also stated that counsel has answered all her questions regarding the case.

8.      Based upon the foregoing facts and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, Defendant is aware of the nature of the charge and the consequences of the plea, and the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

9. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered her guilty plea to the Indictment filed in this case, as more particularly described above, and that Defendant be adjudicated guilty of the offense as charged.

10. A Pre-Sentence Investigation Report should be prepared for the District Court by the United States Probation Office. The sentencing hearing will be set by separate order from the District Judge.

Within **three days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations.[2] Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2025); Fed. R. Crim. P. 59(b)(2); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Fort Lauderdale, Florida, on December 16, 2025.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Melissa Damian
   All Counsel of Record

---

[2] All parties consented to the abbreviated objection period and indicated that they did not intend to file any objections.